# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORROH, et al., ) | 1:11-cv-2120 AWI GSA |
| Plaintiffs, ) | |
| v. ) | **ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO EXTEND EXPERT DISCLOSURE DEADLINES IN THIS CASE** |
| DEERBROOK INSURANCE COMPANY, a ) wholly-owned subsidiary of Allstate Insurance Company, ) | |
| Defendant. ) | (Docs. 83) |

At 5:37 p.m. on September 24, 2012, Plaintiffs' Counsel, Mr. Aaron Markowitz, filed an "Ex Parte Application for an Order Continuing the Dates for Expert Disclosure." Counsel's reasons for filing the ex parte application is that Defendant's counsel would not stipulate to continue the expert disclosure deadline that is currently set for September 28, 2012. Mr. Markowitz seeks an extension of the expert deadline because he contends that this Court's order dated September 21, 2012, which issued rulings on several non-expert discovery motions, affected his ability to timely complete the expert disclosure. (Doc. 82).

The Court has reviewed the application and DENIES Plaintiffs' ex parte request. Preliminarily, the Court notes that the scheduling order in this case was issued on March 29,

1

2012, identifying the expert disclosure deadline. (Doc. 51). Nowhere in Plaintiffs' previously filed discovery motions did counsel request the expert disclosure deadline be extended, nor is it apparent from any of Plaintiffs' filings that expert discovery would be impacted by the pending discovery motions.[1] Plaintiffs' counsel for the first time outlined the reasons for the extension request in the ex parte application.

Given the above, the Court will not entertain this request ex parte as it would be prejudicial to Defendant to do so. Plaintiffs' counsel must notice this motion and follow civil law and motion procedure outlined in Local Rule 230. If Plaintiff will be requesting that the motion be heard on shortened time, he shall file the proper procedure outlined in Local Rule 144. Plaintiffs' counsel is advised that this order does not extend the expert disclosure deadline, nor is this Court offering any opinion that this deadline will be modified in the future.

IT IS SO ORDERED.

Dated:   **September 25, 2012**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In the Ex Parte application, Mr. Markowitz indicates that he called this Court on September 19, 2012, to schedule an informal status conference noting the pending expert report deadline of September 28, 2012. Counsel is advised that such a request is improper. This Court has an extremely heavy caseload and does not schedule a status conference without the consent of opposing counsel. Moreover, a status conference would be improper in this circumstance in light of the request to amend dates in this Court's scheduling order.