UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORROH AND BARBARA DORROH, Trustees of the Bankruptcy Estate of Cedar Sol Warren,<br><br>Plaintiffs,<br><br>v.<br><br>DEERBROOK INSURANCE COMPANY, a wholly-owned subsidiary of ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 1:11-CV-2120 AWI GSA<br><br>ORDER RE: MOTION FOR RECONSIDERATION<br><br><br><br><br>(Docs. 93 and 94) |

## I. History

In March 2000, third party Cedar Warren ("Warren") and Robert Dorroh were involved in a car accident. It is undisputed that Warren was at fault and Robert Dorroh became paralyzed as a result. Warren was covered by Defendant Deerbrook Insurance ("Deerbrook") with a relevant policy limit of $15,000. Dorroh was on his way to work and applied for workers' compensation; his workers' compensation carrier is third party Superior National Insurance Company ("Superior"). In July 2000, Plaintiffs Robert and Barbara Dorroh ("Dorrohs") requested that Deerbrook settle their claim against Warren for $15,000. Deerbrook agreed to the settlement. Before Deerbrook issued a check to the Dorrohs, Superior contacted Defendant. Superior claimed a potential lien on any insurance payout. Deerbrook told the Dorrohs it would issue a check that named both the Dorrohs and Superior. The Dorrohs responded that the workers'

1

compensation claim had been denied; workers' compensation was ultimately awarded in 2003 after a trial. In 2000, the Dorrohs demanded that the check be made payable solely to themselves. The parties could not come to an agreement.

The Dorrohs filed suit against Warren in March 2001. In 2007, Warren filed for bankruptcy in the District of Oregon; Warren listed a bad faith claim against Deerbrook as an asset in his bankruptcy filing. The Dorroh's suit against Warren was subject to an automatic stay which was later lifted to liquidate the claim. The case went to trial and the Dorrohs were awarded $16,520,169.65 in May 2008; the judgment became final in 2009. In April 2011, the trustee in Warren's bankruptcy ("Trustee") filed this suit against Deerbrook for breach of contract and breach of the covenant of good faith and fair dealing. Doc. 1. In July 2011, the Dorrohs and the Trustee came to an agreement whereby the claim was assigned from Warren to the Dorrohs in exchange for $215,000 and a promise not to execute the judgment against Warren. On September 19, 2011, the Dorrohs substituted in as plaintiff in this case in place of the Trustee. Doc. 26. In December 2011, the case was transferred from the District of Oregon to the Eastern District of California. Warren's bankruptcy was closed and the Trustee was discharged on May 9, 2012.

Warren made a motion to substitute himself into this case as a plaintiff to pursue claims against Deerbrook that are personal to him, and could not be brought by the Dorrohs. Doc. 69. On September 21, 2012, Magistrate Judge Austin denied the motion. Doc. 81. On October 4, 2012, the Dorrohs and Warren executed a second assignment returning the personal claims to Warren. Doc. 93, Part 2, Ex. D. On October 5, 2012, the Dorrohs and Warren filed a joint motion to substitute in Warren as a plaintiff to pursue those personal claims. Doc. 93. Simultaneously, Warren filed an "Objection to the Non-Dispositive Order of the Magistrate Judge Hon. Gary S. Austin." Doc. 94. The court interpreted this objection as a request for reconsideration. The two motions are considered together as they deal with the same subject matter. Deerbrook opposes both motions and they were taken under submission without oral argument.

## II. Legal Standards

Fed. Rule Civ. Proc. 72(a) allows a party to serve and file objections to a Magistrate Judge's nondispositive order, to be decided by the District Judge.  In the Eastern District of California, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge. See Local Rule 303.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). See also Fed. Rule Civ. Proc. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion").  Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).

## III. Discussion

The court agrees with Deerbrook that the joint motion to substitute Warren in as a plaintiff is "nothing more than a thinly-disguised motion for reconsideration" of Magistrate Judge Austin's denial of Warren's motion to substitute. Doc. 96, 11:4-5.  Thus the joint motion and Warren's motion for reconsideration will be considered together, as a motion for reconsideration.

Judge Austin ruled that Warren's motion must fail as he had assigned all his claims to the Dorrohs without reservation of any personal claims. Doc. 81, September 21, 2012 Order, 6:19-21.  Warren has no interest left in this litigation.  Judge Austin's ruling is based primarily on

Purcell v. Colonial Ins. Co., 20 Cal. App. 3d 807 (Cal. App. 2nd Dist. 1971) and Cain v. State Farm Mut. Auto. Ins. Co., 47 Cal. App. 3d 783 (Cal. App. 1st Dist. 1975), two cases dealing with the assignment of rights against an insurance company. In Purcell, the court did not allow the assignor to bring a separate suit against the insurance company for personal injury based on a wrongful failure to settle: "He assigned that cause of action to the Reichs in clear and unequivocal language. In so doing the plaintiff simply waived any claim for purely personal damages that...he might have been able to recover had he brought the action himself. He could not split the cause of action." Purcell v. Colonial Ins. Co., 20 Cal. App. 3d 807, 814 (Cal. App. 2nd Dist. 1971), citations omitted. In Cain, the court allowed both the assignor and assignee to bring claims against the insurance company in one suit, noting that the assignor had specifically reserved the right to sue for "any cause of action for physical injuries sustained as a result of the failure to settle." Cain v. State Farm Mut. Auto. Ins. Co., 47 Cal. App. 3d 783, 790 (Cal. App. 1st Dist. 1975). The court had found that "At common law, a partial assignee had no legal standing to sue; the underlying rationale was that the original creditor could not split his cause of action and sue the debtor in two actions, and he could not bring about the same result by assigning part of the claim to another and subjecting the debtor to two suits by different plaintiffs. Enforcement of a partial assignment of a claim was permitted in equity, however, by the process of requiring joinder of all interested parties; i.e., the assignor and all partial assignees." Cain v. State Farm Mut. Auto. Ins. Co., 47 Cal. App. 3d 783, 794-95 (Cal. App. 1st Dist. 1975). Judge Austin read the two cases as presenting a consistent rule that permitted joinder of a partial assignor/assignee when there was a reservation of claims and disallowing joinder where the assignment was total with no such reservation. In this case, the assignment was as follows:

> Pursuant to the Order of the Bankruptcy Court authorizing this Assignment, a copy of which is attached hereto, David F. Wurst, Trustee of the bankruptcy estate of *In re Cedar S. Warren*; United States Bankruptcy Court, District of Oregon, Case No. 07-60674-fra7, irrevocably assigns to Robert and Barbara Dorroh of all the bankruptcy estate's claims that it may have, or hereinafter may acquire, against Deerbrook Insurance Company ('Deerbrook') based on Deerbrook's alleged failure to comply with the implied covenant of good faith and fair dealing, including but not limited to those with respect to settling claims by the Dorrohs against the debtor, Cedar Warren ('Debtor') within the available policy limits, and provision of the Debtor's defense in the matter, *Dorroh v. Warren*, Superior Court, County of Tuolumne, Case No. CV 48013 (The 'Claims'). This assignment is absolute and not for purposes of security. David F. Wurst, Trustee makes

4

no warranty concerning The Claims, express or implied.
Doc. 69, Part 7, July 13, 2011 Assignment.  Judge Austin found that "when the trustee of Warren's bankruptcy estate assigned all claims to the Dorrohs, including a single cause of action for a failure to settle within policy limits, Warren waived any claims for purely personal damages." Doc. 81, September 21, 2012 Order, 6:19-21.

The Dorrohs and Warren first argue that the holding of Purcell and Cain is that an assignor and assignee must pursue a joint suit against the insurance company rather than attempting separate suits. Doc. 94, Warren Brief, 6:8-7:11.  They also argue that the assignment in this case took place after the suit was initiated as opposed to Purcell in which the assignment predated the suit. Doc. 93, Part 1, Joint Brief, 4:18-23.  They do not address the distinction Judge Austen drew, between a complete assignment and an incomplete assignment with a reservation of personal claims.  They do not explain how their assertions are inconsistent with Judge Austen's ruling.  The Dorrohs and Warren fail to explain why Judge Austen's ruling is wrong, instead focusing on a separate holding of the Purcell opinion.  The court reads the law as requiring both a reservation of claim and joinder in a single suit to effect partial assignment.

The Dorrohs and Warren have a second argument based upon bankruptcy law. They posit that Purcell can be distinguished because in that case, the insured individual assigned away his own rights; in this case, the Trustee assigned away rights on his behalf. Doc. 94, Warren Brief, 4:5-10. Since the Trustee was the party that assigned the claims to the Dorrohs, the effect of a complete assignment differs.  The Dorrohs and Warren argue that "a Trustee does not have the power or authority to 'waive' property rights....[11 U.S.C.] Section 554(d) tells us that there are only three things that a Trustee can do with the property of an estate- administer it, abandon it, or keep it as property of the estate." Doc. 93, Part 1 Joint Brief, 5:8-22.  They argue that the claims either reverted to Warren himself (as abandoned by the Trustee) or were assigned to the Dorrohs (in which case they were reassigned back to Warren by the Dorrohs).  Doc. 93, Part 1, Joint Brief, 6:2-6.  However, they provide no case law that discusses this issue; there is no statement that a bankruptcy trustee can not waive a right.  Instead, the Seventh Circuit has found that "bankruptcy trustees regularly make use of releases and waivers in administering bankruptcy

5

estates, and such decisions do not always amount to 'abandonment' of estate property. Rather, the giving of a release in exchange for some action by the debtor (in this case, the turning over of one million dollars worth of property), as part of a generally beneficial compromise settlement, may be the most efficient and fair means of administering the estate." Hoseman v. Weinschneider, 322 F.3d 468, 475 (7th Cir. 2003). In this case, the Trustee administered the estate by assigning Warren's claims against Deerbrook to the Dorrohs in exchange for a sum of money and a promise not to execute any judgment against Warren; as part of this exchange certain claims (including the purely personal claims) were waived. In the absence of case authority that discusses waiver/non-waiver of personal claims when a bankruptcy trustee assigns away all claims, Purcell is not distinguished.

### IV. Order

The Dorrohs' and Warren's motions to substitute in as plaintiff/reconsideration are DENIED.

IT IS SO ORDERED.

Dated:   January 16, 2013                              _____
                                                         SENIOR DISTRICT JUDGE