UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORROH AND BARBARA DORROH, Trustees of the Bankruptcy Estate of Cedar Sol Warren,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEERBROOK INSURANCE COMPANY, a wholly-owned subsidiary of ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. 1:11-CV-2120 AWI GSA<br><br>ORDER VACATING TRIAL AND ALL ASSOCIATED DATES |

      In March 2000, third party Cedar Warren ("Warren") and Robert Dorroh were involved in a car accident. It is undisputed that Warren was at fault and Robert Dorroh became paralyzed as a result. Warren was covered by Defendant Deerbrook Insurance ("Deerbrook") with a relevant policy limit of $15,000. Robert Dorroh was on his way to work and applied for workers' compensation; his workers' compensation carrier is third party Superior National Insurance Company ("Superior"). In July 2000, Plaintiffs Robert and Barbara Dorroh ("Dorrohs") requested that Deerbrook settle their claim against Warren for $15,000. Deerbrook agreed to the settlement. Before Deerbrook issued a check to the Dorrohs, Superior contacted Deerbrook. Superior claimed a potential lien on any insurance payout. Deerbrook told the Dorrohs it would issue a check that named both the Dorrohs and Superior. The Dorrohs responded that the

workers' compensation claim had been denied; workers' compensation was ultimately awarded in 2003 after a trial.  In 2000, the Dorrohs demanded that the check be made payable solely to themselves.  The parties could not come to an agreement.

The Dorrohs filed suit against Warren in March 2001; they were ultimately awarded $16,520,169.65 in May 2008.  In 2007, Warren filed for bankruptcy in the District of Oregon.  One of his assets was a bad faith failure to settle claim against Deerbrook.  In April 2011, the bankruptcy trustee filed suit against Deerbrook for breach of contract and breach of the covenant of good faith and fair dealing.  The Dorrohs purchased the suit from Warren's estate for $215,000.  The Dorrohs are now suing Deerbrook under an assignment of the claim.  In December 2011, the case was transferred to the Eastern District of California for the convenience of the parties.

Warren made a motion to substitute himself into this case as a plaintiff to pursue claims against Deerbrook that are personal to him, and could not be brought by the Dorrohs. Doc. 69.  Magistrate Judge Austin denied the motion. Doc. 81.  Subsequently, the Dorrohs and Warren executed a second assignment returning the personal claims to Warren. Doc. 93, Part 2, Ex. D.  The Dorrohs and Warren then filed a joint motion to substitute in Warren as a plaintiff to pursue those personal claims. Doc. 93.  Simultaneously, Warren filed an "Objection to the Non-Dispositive Order of the Magistrate Judge Hon. Gary S. Austin." Doc. 94.  The two motions were denied. Doc. 108.

Deerbrook and the Dorrohs made cross motions for summary judgment. Docs. 109 and 111.  After those motions were filed, the Dorrohs appealed the denial of substitution/joinder (Doc. 108) to the Ninth Circuit. Doc. 114.  The court asked for a written response as to the status of the appeal and how it might affect the progress of the case.  The Dorrohs seek to have the case proceed while Deerbrook argues in favor of vacating all dates pending resolution of the appeal.  Docs. 123 and 124.

The court is convinced that waiting for a ruling form the Ninth Circuit is the best option.  The Dorrohs' central argument for allowing Warren to substitute into the case was that California law only allowed an assignor and assignee to both pursue claims against an insurance company

when they did so jointly, in one case. Doc. 93, Part 1, Dorrohs Brief, 4:18-26 and 6:10-8:17. They quoted California case law discussing this issue which warned "leave nothing to be done piecemeal." Cain v. State Farm Mut. Auto. Ins. Co., 47 Cal. App. 3d 783, 795 (Cal. App. 1st Dist. 1975), quoting Martin v. Howe, 190 Cal. 187, 193 (Cal. 1922).  To proceed before the appeal is resolved would leave the possibility that separate trials would be held for the Dorrohs' and Warren's claims.  That appears to violate the main thrust of the legal rationale for allowing Warren to substitute in.

      The trial date of June 11, 2013 is VACATED.  All associated dates are also VACATED.

IT IS SO ORDERED.

Dated:     March 22, 2013

                                           SENIOR  DISTRICT  JUDGE