**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBERT DORROH, et al.,** | **CASE NO. 1:11-CV-2120 AWI GSA** |
| **Plaintiffs** | **ORDER PERMITTING SUBSTITUTION OF PARTY** |
| **v.** | |
| **DEERBROOK INSURANCE COMPANY, a wholly-owned subsidiary of ALLSTATE INSURANCE COMPANY,** | **(Docs. 109 and 111)** |
| **Defendant** | |

In March 2000, Cedar Warren ("Warren") and Robert Dorroh were involved in a car accident. It is undisputed that Warren was at fault and Robert Dorroh became paralyzed as a result. Warren was covered by Defendant Deerbrook Insurance ("Deerbrook") with a relevant policy limit of $15,000. Dorroh was on his way to work and applied for workers' compensation; his workers' compensation carrier is third party Superior National Insurance Company ("Superior"). In July 2000, Plaintiffs Robert and Barbara Dorroh ("Dorrohs") requested that Deerbrook settle their claim against Warren for $15,000. Deerbrook agreed to the settlement. Before Deerbrook issued a check to the Dorrohs, Superior contacted Deerbrook. Superior claimed a potential lien on any insurance payout. Deerbrook told the Dorrohs it would issue a check that named both the Dorrohs and Superior. The Dorrohs responded that the workers' compensation claim had been denied; workers' compensation was ultimately awarded in 2003 after a trial. In 2000, the Dorrohs demanded that the check be made payable solely to themselves. The parties could not come to an agreement.

The Dorrohs filed suit against Warren in March 2001. In 2007, Warren filed for

bankruptcy in the District of Oregon; Warren listed a bad faith claim against Deerbrook as an asset in his bankruptcy filing.  The Dorroh's suit against Warren was subject to an automatic stay which was later lifted to liquidate the claim.  The case went to trial and the Dorrohs were awarded $16,520,169.65 in May 2008; the judgment became final in 2009.  In April 2011, the trustee in Warren's bankruptcy ("Trustee") filed this suit against Deerbrook for breach of contract and breach of the covenant of good faith and fair dealing. Doc. 1.  In July 2011, the Dorrohs and the Trustee came to an agreement whereby the claim was assigned from Warren to the Dorrohs in exchange for $215,000 and a promise not to execute the judgment against Warren.  On September 19, 2011, the Dorrohs substituted in as plaintiff in this case in place of the Trustee. Doc. 26.  In December 2011, the case was transferred from the District of Oregon to the Eastern District of California.  Warren's bankruptcy was closed and the Trustee was discharged on May 9, 2012.

Warren made a motion to substitute himself into this case as a plaintiff to pursue bad faith claims against Deerbrook that are personal to him, and could not be brought by the Dorrohs. Doc. 69.  Magistrate Judge Austin denied the motion. Doc. 81.  The Dorrohs and Warren then executed a second assignment returning the personal claims to Warren. Doc. 93, Part 2, Ex. D.  The Dorrohs and Warren filed a joint motion to substitute in Warren as a plaintiff to pursue those personal claims. Doc. 93.  Simultaneously, Warren filed an "Objection to the Non-Dispositive Order of the Magistrate Judge Hon. Gary S. Austin." Doc. 94.  The court interpreted this objection as a request for reconsideration.  The two motions were considered together as they deal with the same subject matter.  This court denied the motion for reconsideration. Doc. 108.  The Dorrohs appealed the order denying reconsideration. Doc. 114.  All dates were vacated pending appeal. Doc. 125.

The Ninth Circuit has issued an order reversing this court's denial of reconsideration. Doc. 127.  Purely personal claims are not assignable so Warren's bankruptcy estate (and now Warren himself) retained an interest in the bad faith claim.  Warren's attempt to substitute into this action works as ratification of the bad faith cause of action so there is no time bar to the cause of action.  Consequently, leave to amend should be freely given.  Mandate has issued and the case was remanded to district court for further proceedings consistent with the Ninth Circuit order. Doc. 128.

Accordingly, Warren is granted permission to substitute in as a plaintiff in this case. The parties are directed to contact the chambers of Magistrate Judge Austin within thirty (30) days to determine how this case should proceed, if an amended complaint is appropriate, if additional discovery is warranted, and to set up a new schedule. The pending motions for summary judgment are denied without prejudice to refiling.

IT IS SO ORDERED.

Dated:   June 18, 2015

SENIOR DISTRICT JUDGE