UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORROH et al., | No. 1:11-cv-2120 AWI-GSA |
| Plaintiffs, | |
| v. | **ORDER RE: REOPENING DISCOVERY** |
| DEERBROOK INSURANCE COMPANY, | |
| Defendant. | (Doc. 135) |

## I.   Introduction

This case has a lengthy factual and procedural history that is known to the parties and will not be recited here.  Pending before the Court is Plaintiff, Cedar Sol Warren's ("Plaintiff") Motion to Reopen Discovery. (Doc. 135).[1]  The Court has considered Plaintiff's motion, Deerbrook Insurance Co.'s ("Defendant") Opposition (Docs. 144 and 146), and Plaintiff's Reply (Doc. 148).  A hearing was held on November 13, 2015. (Doc. 149).  For the reasons set forth below and as stated on the record at the hearing, Plaintiff's Motion to Reopen Discovery (Doc. 135) is DENIED IN PART AND GRANTED IN PART.

///

---

[1] Plaintiff Warren, a newly added party in this action, seeks to obtain discovery into circumstances and events following the initial refusal to settle the insurance claim at issue in this case for $15,000, including the decision to tell Warren he needed to file for bankruptcy, Deerbrook's agreement to pay for Warren's bankruptcy, as well as policies and procedures regarding how Deerbrook defends actions where the insured is facing an excess judgment after a prior policy limit demand was rejected. (Doc. 135-1, pg. 2).

1

**II.     Discussion**

Fed. R. Civ. P. 16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." A modification of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). Scheduling orders "are at the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir.1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992). "[A] schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F. 3d 1080, 1087 (9th Cir. 2002) quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 607 (9th Cir. 1992)).

Plaintiff Warren has filed this Motion to Reopen Discovery because the Ninth Circuit held that he should be substituted into this action to pursue wrongs of a personal nature, including emotional and punitive damages. (Docs. 127 and 128). Deerbrook has opposed the motion on several bases. However, the main thrust of its position is that all the discovery on the liability phases of the case has been completed by the Dorrohs, and since Mr. Warren's relief is limited to emotional and punitive damages, additional discovery on liability issues should be precluded.

While the Court is sympathetic to Deerbrook's position, Mr. Warren has established good cause to reopen discovery because he is a newly added party in this case. Some of his claims-- specifically, the circumstances surrounding his bankruptcy proceedings, and subsequent negotiations he had with Deerbrook--are personal to him and relate directly to his claims for emotional and punitive damages. He was not permitted to propound any discovery previously, or to ask questions during prior depositions. Finally, the case is not currently set for trial so any prejudice to the Defendant is minimal. Nevertheless, the Court will only grant a subset of the requested discovery in order to further minimize any prejudice to the Defendant.

**III.    Conclusion**

For the reasons set forth above, Plaintiff Warren's Motion to Reopen Discovery (Doc. 135) is DENIED IN PART AND GRANTED IN PART.  The Court will permit the following narrowly tailored discovery:

1. Plaintiff Cedar Sol Warren may take up to one full day (seven hours) of deposition testimony of Persons Most Knowledgeable ("PMK") on various topics.[2]  Plaintiff Warren shall notice the exact topics of the PMK depositions.  The topics shall be limited to Mr. Warren's emotional and punitive damages claims and any liability issues associated with those claims.  Mr. Warren should use his best efforts to refrain from posing questions that have already been answered before in discovery. If the parties have difficulty agreeing on the deposition topics, they shall contact chambers for assistance in advance of the deposition(s). Any such depositions shall be completed within sixty (60) days of this Order. Only Mr. Warren can ask questions at the depositions.  However, the Dorrohs may be present;

2. Thirty (30) days after the completion of the above discovery, Warren shall serve expert reports and disclosures regarding his emotional distress and punitive damages only, as required by FRCP 26(a)(2);

3. Any depositions of experts disclosed by Warren shall be completed 45 days after service of the expert reports; and

4. Any rebuttal expert reports are due thirty days after the depositions of Mr. Warren's experts are completed.

IT IS SO ORDERED.

Dated:    **November 16, 2015**                /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The seven hour period can be divided into multiple witnesses.