# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORROH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEERBROOK INSURANCE COMPANY et al., <br><br> Defendants. | CASE NO. 11-cv-2120 DAD-EPG <br><br> ORDER ADOPTING THE PARTIES' STIPULATION TO AMEND THE SCHEDULING ORDER IN PART <br><br> **(Doc. 167)** |

Following a hearing on November 13, 2015, the Court entered an order permitting the deposition of Plaintiff Warren to be completed by January 16, 2016. (ECF No. 153). The Court then held a conference call on January 11, 2016 for the purpose of a scheduling conference, but found that the parties had not submitted sufficient information for scheduling of the case. (ECF No. 162) The Court also learned that Plaintiff's deposition had not yet taken place and would not occur by the deadline ordered by the Court. The parties then submitted a joint stipulation regarding proposed dates. (ECF No. 163) The Court then issued a scheduling order, adopting some but not all proposed dates. (ECF No. 164).

On February 29, 2016, the parties filed a stipulation to extend expert depositions and reports. (Doc. 165). The stipulation included an extension of a deadline that had already passed. The proposed stipulation provided no reason for the requested extension or good cause why the court-ordered deadlines could not be met. The Court denied the stipulation filed on February 29,

1    2016, on the basis that the parties had not established good cause for modification of the
2    scheduling order. (Doc. 166).
3        On March 4, 2016, the parties filed the instant stipulation for extension of time. (Doc.
4    167). On the question of good cause, the parties stated that "There is **good cause** for this
5    stipulation in that it is in furtherance of the resolution of the former dispute about the right of
6    Defendant Deerbrook Insurance to take the deposition of Plaintiff Cedar Sol Warren at all,"
7    bolding the words "good cause," and citing to previous orders of the Court.  Again, the parties did
8    not include any explanation for why previous deadlines were not met or why an extension is
9    needed.
10       Fed. R. Civ. P. 16(b)(2) and (3) requires district courts to enter scheduling orders to
11   establish deadlines for, among other things, "to file motions" and "to complete discovery."  A
12   modification of the scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).
13   Scheduling orders "are at the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15,
14   18 (3rd Cir.1986), and are intended to alleviate case management problems. *Johnson v. Mammoth*
15   *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992).   "[A] schedule may be modified 'if it cannot
16   be reasonably met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern*
17   *California Edison Co.*, 302 F. 3d 1080, 1087 (9th Cir. 2002) quoting *Johnson v. Mammoth*
18   *Recreations, Inc*., 975 F. 2d 604, 607 (9th Cir. 1992)).
19       This case is almost five years old.  It stems from an automobile accident that occured in
20   2000.  The Court has previously expressed its concern that the case must move expeditiously.
21   The parties' recent filings, requesting extensions for deadlines already passed and omitting any
22   reason for the extension, takes away the Court's ability to manage the schedule in this case.
23       With reluctance, the Court will modify the schedule as follows.  That said, additional
24   requests to change the schedule will be extremly disfavored.
25       Accordingly, the parties' stipulation (Doc. 167) is adopted IN PART.  The scheduling
26   order issued on January 25, 2016 (Doc. 165) is modified as set forth below:
27       1. The current deadline of February 15, 2016, for Plaintiff Cedar Sol Warren to serve
28   expert reports is hereby extended to **March 7, 2016**.

2. The current March 31, 2016, deadline to take depositions of Warren's experts shall be extended to **April 8, 2016**.

3. The current May 2, 2016, deadline to serve rebuttal expert reports shall be extended to **May 6, 2016.**

All other dates and orders in the Scheduling Order issued on January 25, 2016 (Doc. 165) remain in full force and effect.

IT IS SO ORDERED.

Dated:  **March 7, 2016**                               /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE